The Honorable Roy C. Lewellen State Senator P.O. Box 287 Marianna, AR 72360
Dear Senator Lewellen:
This is in response to your request for an opinion concerning the proper distribution of county sales and use tax revenues. Your request is submitted on behalf of the Town of Jennette, Arkansas. According to correspondence attached to your request, Crittenden County passed a countywide sales tax in 1987.[1] It is my understanding that in accordance with the local ordinance setting the election, the ballot title provided that 50% of the sales tax proceeds would go to the county treasury and 50% to the cities based on the decennial census. The State Treasurer does not send the entire 50% back to the county. The Town of Jennette questions the legal validity of the Crittenden County ordinance.
It is clear under both A.C.A. § 26-74-201 et seq. and § 26-74-301 etseq. that sales tax revenues are to be distributed by the State Treasurer to the counties and cities on a per capita basis. A.C.A. §§26-74-214(b)(2) (Supp. 1995) and 26-74-313(d)(1) (Supp. 1995).[2] It is my opinion that neither the ordinance nor the ballot title in this instance can change the per capita method of distribution by which the State Treasurer transmits to the county and the cities their respective shares of sales tax revenues. See Op. Att'y Gen. 90-130 at 2. Thus, notwithstanding the statement in the ballot title that 50% of the sales tax would go to the county, the State Treasurer will distribute the proceeds on a per capita basis.
It appears that a question has also been raised in this instance, however, with respect to the ultimate use of this sales tax. The ballot title is apparently being construed to require that the cities forward a portion of their share of the tax to the county treasurer.[3] The legality of this requirement is being questioned.
The underlying issue in this regard is the extent to which the cities' use of their per capita share of the sales tax moneys is impacted by the ballot title's designation of uses. See generally A.C.A. §§ 26-74-208(c) and 26-74-308(c) (stating that "[t]he ballot title may also indicate designated uses of the revenues derived from the sales tax and, if the tax is approved, the proceeds shall only be used for the designated purposes.") Because this issue has been raised in ongoing litigation, I cannot address it at this time. See Darin v. Jones, No. E95-685 (White Co. Chancery Ct., 1st Div.). The longstanding policy of this office dictates that an opinion not be rendered on matters in litigation. Any attempt to address the underlying issue(s) involved in the question posed in this instance would violate this policy.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] You have not identified the particular statutory basis for the tax. I assume that it was enacted pursuant to either A.C.A. §26-74-201 et seq. or § 26-74-301 et seq.
[2] Section 26-74-214(b)(2) was amended by Act 61 of 1989 (3rd Ex. Sess.) to permit distribution of sales tax revenues on a basis other thanper capita, as specified by interlocal agreement between the county and cities. Because the tax in question was adopted in 1987, I assume this provision is inapplicable. This office has previously concluded, moreover, that the 1989 act was not intended to permit a change in the distribution of an existing tax. Op. Att'y Gen. 96-004 at 5. And it should be noted that A.C.A. § 26-74-301 et seq. makes no provision for distribution on any basis other than per capita. See Op. Att'y Gen.96-004 at 4-5.
[3] It is ordinarily not the function of this office to construe local ballot titles, an undertaking which often involves the intent of the local officials and local electorate. I am therefore assuming, for purposes of this opinion, that the title in question is properly interpreted as requiring this action by the cities.